IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CARLET D. WARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 10-759-SLR |
| | ) |
| MBNA AMERICA (Bank of America), | ) |
| | ) |
| Defendant. | ) |

Carlet D. Ward, Dover, Delaware. Pro Se Plaintiff.

James H. McMackin, III, Esquire, Morris James LLP, Wilmington, Delaware. Counsel for Defendant.

**MEMORANDUM OPINION**

Dated: January 10, 2012
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Plaintiff Carlet D. Ward ("plaintiff"), who proceeds pro se, filed this lawsuit alleging employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5. Plaintiff has been granted leave to proceed without prepayment of fees. (See D.I. 4) Presently before the court is defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (D.I. 9) The court has jurisdiction pursuant to 28 U.S.C. § 1331. For the reasons discussed, the court will deny the motion the dismiss.

## II. BACKGROUND

Plaintiff was employed by defendant MBNA America ("defendant") as an account representative from October 20, 2003 to March 10, 2006 when her employment was terminated after the worksite was phased out and closed.

Prior to her termination, plaintiff filed an internal complaint with human resources on September 16, 2005, alleging discrimination on the basis of race. On March 10, 2006, plaintiff applied for a bank teller position. She interviewed for the position on March 20, 2006. That night, plaintiff was advised via telephone that she was not selected for the position because she had been unable to immediately recall bank regulations from memory. Plaintiff's last bank teller experience was in 2001. (D.I. 2, Charge of Discrimination; D. I. 6)

The complaint states that plaintiff filed charges with the EEOC on August 7, 2006. A letter attached to the complaint indicates that plaintiff submitted a charge information questionnaire to the EEOC on August 7, 2006. Therein she states that she was retaliated against because of previous verbal and written discrimination grievances

she had filed with human resources on September 16, 2005. Attached to the charge information questionnaire is the Delaware Department of Labor charge of discrimination dated April 2, 2007, received by the EEOC on April 3, 2007. (D.I. 2, Charge Information Questionnaire) The charge states that plaintiff is black and a qualified individual with a disability and that in September 2005 she filed an internal complaint alleging discrimination when she was denied the opportunity to post for various positions, denied appropriate remedies for complaints, subject to racial harassment, unjustly scrutinized and disciplined, denied the same amount of work given to white employees and then criticized for not meeting goals. The charge goes on to state that plaintiff was not chosen for a bank teller position in March 2006 in retaliation for her previous internal complaint of discrimination.

Plaintiff received the notice of right to sue letter from the EEOC on June 9, 2010, and filed the instant complaint on September 7, 2010. The complaint alleges that discriminatory acts on the basis of race and color occurred on September 14, 2005 and March 20, 2006 in connection with defendant's failure to promote plaintiff and other acts. Plaintiff's brief in support of the complaint further alleges violations of the Age Discrimination in Employment Act and the Americans with Disabilities Act of 1990. (D.I. 2, 6)

Defendant moves to dismiss on the grounds that: (1) the September 2005 alleged act of discrimination is time-barred; (2) all claims other than retaliation should be dismissed for failure to exhaust administrative remedies; and (3) the retaliation claim fails to state a claim upon which relief may be granted. (D.I. 9, 10)

## III. STANDARD OF REVIEW

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff has a "plausible claim for relief." *Id.* at 211; *see also Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 570. In other words, the complaint must do more than allege plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant

3

has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

Defendant moves for dismissal on the grounds that the complaint fails to state a claim upon which relief can be granted. (D.I. 10, 11) Plaintiff opposes the motion. (D.I. 12)

## IV. DISCUSSION

### A. Timeliness/Exhaustion

Defendant argues that the September 2005 claim of discrimination should be dismissed as time-barred having occurred more than three hundred days before plaintiff filed her EEOC complaint. Plaintiff responds that she is allowed to file a charge of discrimination after the time period has lapsed if the discriminatory practice is deemed to be a continuing violation. In addition, defendant moves for dismissal of all other claims, save the retaliation claim, on the basis that plaintiff failed to exhaust her administrative remedies. Plaintiff responds that her series of internal complaints from May 2004 through September 14, 2005 support her claim of exhaustion. Further, she contends that once the worksite was phased out and closed in March 2006, and she was no longer with the company, there were no available administrative remedies to pursue.

4

A plaintiff bringing an employment discrimination claim under Title VII must exhaust administrative remedies by complying with the procedural requirements in 42 U.S.C. § 2000e-5. "[T]he ordinary time for filing a charge of employment discrimination with the EEOC is 300 days after the alleged discrimination when the charge is filed first . . . with the appropriate state agency." *Rush v. Scott Specialty Gases, Inc.*, 113 F.3d 476, 480 (3d Cir. 1997) (citing 42 U.S.C. § 2000e-5(e)(1)); see also *Riley v. Delaware River and Bay Auth.*, 457 F. Supp. 2d 505, 510 (D. Del. 2006) ("A claimant bringing a charge of discrimination under Title VII in Delaware has 300 days from the time of the alleged discriminatory act to file a complaint with the EEOC.").

The three hundred day requirement is subject to waiver, estoppel, and equitable tolling. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). Under the equitable exception of a continuing violations theory, a plaintiff may pursue a claim for discriminatory conduct that began more than three hundred days before the filing of an EEOC complaint "if [s]he can demonstrate that the act is part of an ongoing practice or pattern of discrimination of the defendant." *West v. Philadelphia Elec. Co.*, 45 F.3d 744, 754 (3d Cir. 1995) (citation omitted). The continuing violations theory allows a plaintiff to proceed with an action where "'it would have been unreasonable to expect the plaintiff to sue before the statute ran on that conduct, as in a case in which the conduct could constitute, or be recognized, as actionable harassment only in the light of events that occurred later, within the period of the statute of limitations.'" *Rush v. Scott Specialty Gases, Inc.*, 113 F.3d at 482 (quoting *Galloway v. General Motors Serv. Parts Operations*, 78 F.3d 1164, 1166 (7th Cir. 1996)).

5

The continuing violation doctrine only applies when the alleged discriminatory acts are not individually actionable, but when aggregated may make out a hostile work environment claim. *McCann v. Astrue*, 293 F. App'x 848, 850 (3d Cir. 2008) (not published). Discrete discriminatory acts that are actionable on their own may not be aggregated under a continuing violation theory. *See National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) ("[D]iscrete discriminatory acts are not actionable if time-barred, even when they are related to acts alleged in timely filed charges. Each discriminatory act starts a new clock for filing charges alleging that act.").

After a plaintiff files a charge against an employer with the EEOC and subsequently receives a right-to-sue letter, a plaintiff's "ensuing suit [in district court] is limited to claims that are within the scope of the initial administrative charge." *Barzanty v. Verizon Pa., Inc.*, 361 F. App'x 411, 414 (3d Cir. 2010) (not published) (citing *Antol v. Perry*, 82 F.3d 1291, 1296 (3d Cir. 1996)). To determine the "scope" of the charge, a court must consider the extent of the investigation that "can reasonably be expected to grow out of the [EEOC] charge[s]. *Hicks v. ABT Assoc., Inc.*, 572 F.2d 960, 966 (3d Cir. 1978) (quoting *Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 398-399 (3d Cir. 1976)); *Howze v. Jones & Laughlin Steel Corp.*, 750 F.2d 1208, 1212 (3d Cir. 1984) ("[A] district court may assume jurisdiction over additional charges if they are reasonably within the scope of the complainant's original charges."). Accordingly, a plaintiff cannot "greatly expand an investigation simply by alleging new and different facts when" later bringing claims in the district court. *Hicks*, 572 F.2d at 967.

The complaint states that plaintiff filed a charge of discrimination with the EEOC on August 7, 2006, but exhibits attached to the complaint indicate that the EEOC charge

was filed in April 2007. Giving plaintiff the benefit, the court will consider the allegations in the complaint that the EEOC charge was filed on August 7, 2006. Therefore, any claim for conduct which occurred prior to October 11, 2005 would ordinarily be time-barred unless the claims fall under the continuing violations theory.

The EEOC charge reflects that a discriminatory act occurred within the statute of limitations period based upon plaintiff's claim that she was not hired to the bank teller position on March 20, 2006 in retaliation for complaining to human resources of race discrimination in September 2005. In addition, the EEOC charge refers to numerous acts of race discrimination occurring in September 2005 that, liberally construed, may refer to a hostile work environment in that plaintiff was denied the opportunity to post for various positions, denied appropriate remedies for complaints, subject to racial harassment, unjustly scrutinized and disciplined, denied the same amount of work given to white employees and then criticized for not meeting goals. Plaintiff's continuing violation theory has arguable merit based on the allegations in the EEOC charge. The allegations that plaintiff was the target of repeated discrimination suffice to demonstrate an ongoing problem that could be recognized as actionable discrimination in light of the events of March 2006 that occurred within the statute of limitations period. Consequently, for purposes of a motion to dismiss, plaintiff has alleged sufficient facts to establish a continuing violation theory, which provides equitable relief from the timely administrative exhaustion of each instance of alleged discrimination.

The court next turns to the issue of the nature of the EEOC charge. While plaintiff marked only the retaliation box, the narrative of her EEOC charge also speaks to race discrimination. Notably, the failure to check a particular box is not fatal to a Title

VII action, and courts in the Third Circuit liberally construe EEOC charges. *See Butterbaugh v. Chertoff*, 479 F. Supp. 2d 485, 499 (W.D. Pa. 2007); *Mullen v. Topper's Salon and Health Spa, Inc.*, 99 F. Supp. 2d 553, 556 (E.D. Pa. 2000) (finding that "[I]t is not necessary for a complaint to mirror an EEOC charge; it must only be within the scope of the charge. That the 'retaliation' box was not checked does not itself preclude plaintiff's claim." ) (emphasis added).

The court thus finds it reasonable to conclude that an investigation into plaintiff's administrative complaints would have encompassed the allegations of race or color discrimination. Plaintiff described the discrimination sufficiently to provide the EEOC notice of potential claims that the exhaustion requirement is meant to ensure. Plaintiff's subsequent civil claims for race and color discrimination, in addition to retaliation, are premised on facts identical to those set forth in the EEOC charge. Therefore, the court concludes that plaintiff adequately exhausted her administrative remedies.

For the above reasons, the court will deny defendant's motion to dismiss the complaint on the issues of timeliness and exhaustion of administrative remedies.

### B. Retaliation

Defendant moves for dismissal of the retaliation claim on the grounds that the allegations fail to state a claim upon which relief may be granted. Plaintiff responds that she has stated a viable retaliation claim.

To establish a *prima facie* case of retaliation, a plaintiff must show that: (1) he or she engaged in a protected employee activity; (2) the employer took an adverse employment action after or contemporaneous with the protected activity; and (3) a causal link exists between the protected activity and the adverse action. *See Farrell v.*

*Planters Lifesavers Co.*, 206 F.3d 271, 279 (3d Cir. 2000); *see also, e.g., Kachmar v. SunGard Data Sys., Inc.*, 109 F.3d 173, 177 (3d Cir.1997); *Krouse v. American Sterilizer Co.*, 126 F.3d 494, 500 (3d Cir. 1997) (describing the third requirement as a "causal connection").

Here, plaintiff alleges that she engaged in protected activity when she complained of discrimination, and adverse action occurred when she was not hired for the bank teller position. Plaintiff "believes her non-selection was in retaliation for her prior complaint of discrimination." (D.I. 6) Defendant argues that the complaint lacks allegations of a causal connection between plaintiff's participation in the protected activity and the adverse action.

After reviewing the complaint and liberally construing the allegations, the court concludes that plaintiff has adequately alleged a claim of retaliation sufficient to survive a motion to dismiss after *Iqbal*. Accordingly, the court will deny defendant's motion to dismiss the retaliation claim.

## V. CONCLUSION

For the reasons discussed above, the court will deny defendant's motion to dismiss. (D.I. 9)

An appropriate order will be entered.