IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CARLET D. WARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 10-759-SLR |
| | ) |
| MBNA AMERICA (Bank of America), | ) |
| | ) |
| Defendant. | ) |

Carlet D. Ward, Dover, Delaware. Pro se Plaintiff.

James H. McMackin, III, Esquire, Morris James LLP, Wilmington, Delaware, and Elena D. Marcuss, Esquire, McGuire Woods LLP, Baltimore, Maryland. Counsel for Defendant.

**MEMORANDUM OPINION**

Dated: July 20, 2013
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Plaintiff Carlett D. Ward ("plaintiff"), proceeding pro se,[1] filed suit alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5. (D.I. 2) Presently before the court is a motion to compel and motion for summary judgment filed by defendant MBNA America ("defendant") and plaintiff's response. (D.I. 43, 48, 49, 52) The court has jurisdiction pursuant to 28 U.S.C. § 1331. For the reasons set forth below, the court will deny as moot the motion to compel and will grant defendant's motion for summary judgment. (D.I. 43, 48)

## II. BACKGROUND

Plaintiff was employed by defendant as a part-time account representative from October 20, 2003 to March 10, 2006. Her employment was terminated after the worksite in Dover, Delaware was phased out and closed. (D.I. 50, A5-9)

Prior to the site's closure, plaintiff received a "first warning for conduct" on August 30, 2005, for violating defendant's work policies. On September 5 and 16, 2005, plaintiff submitted written complaints regarding the warning and set forth a litany of employment events that began in May 2004 which she believed were discriminatory. Plaintiff concluded that, "because of her race, color, age, disability and educational background," she was unfairly treated and discriminated against in employment and

---

[1] On January 11, 2012, the court entered an order for the Clerk of Court to attempt to refer representation of plaintiff to a member of the Federal Civil Panel. (D.I. 16) Plaintiff was represented by two different attorneys until March 12, 2013, when the court granted the second attorney's motion to withdraw. (D.I. 42) At that point, the court declined to refer representation of plaintiff's case to another member of the Federal Civil Panel. (Id.)

promotion opportunities. Plaintiff discussed her complaints with defendant's human resources personnel who concluded there had been no discrimination. Plaintiff had no further communications regarding her complaints after late September 2005. (D.I. 50, A75-85, A117-120)

Following the announcement that the Dover site was closing, plaintiff applied for other positions within the company. On March 10, 2006, plaintiff applied for a bank teller position at the Greenville Gold Exchange in Greenville, Delaware. Kate Godwin ("Godwin"), department manager for the Greenville Gold Exchange, interviewed plaintiff for the position on either March 15 or March 20, 2006. During the interview, plaintiff was asked about the "principles of MBNA" (similar to a short mission statement), but she was unable to recall the information. Plaintiff was advised via telephone that she was not selected for the position because she had been unable to recall the information and the successful candidate had. Plaintiff was "suspicious" of the reason for her non-selection and believed that her race was an issue. Plaintiff has no other information about the successful candidate except that she was female.[2] (D.I. 50, A12-15, A22-42, A101-10)

Plaintiff submitted a charge information questionnaire to the Equal Employment Opportunity Commission ("EEOC") on August 7, 2006, complaining of retaliation due to her previous verbal and written discrimination grievances filed internally with defendant on September 16, 2005. The EEOC prepared a draft charge of discrimination based

---

[2]In February and March 2006, plaintiff applied for four other positions within the company, but she was not selected. In February, when plaintiff was conducting on-line job searches, she was told by her managers that she would not get a job because the system was "rigged" or "fixed." (D.I. 50, A14-22, A46-49, A52-59, A102-110)

2

upon plaintiff's information. The EEOC advised plaintiff that the information for the March 20, 2006 "date of harm" was received well within the 300 day statute of limitations, but it was unable to investigate any allegations raised in the September 16, 2005 grievance because it was filed more than 300 days prior to plaintiff's initial contact with the EEOC. Plaintiff was advised that her charge was for "retaliation only." (D.I. 50, A122-160)

The formal charge of discrimination was filed on April 3, 2007. The charge states that plaintiff is black and a qualified individual with a disability, and that in September 2005 she filed an internal complaint alleging discrimination when she was denied the opportunity to post for various positions, denied appropriate remedies for complaints, subject to racial harassment, unjustly scrutinized and disciplined, denied the same amount of work given to white employees and then criticized for not meeting goals. The charge goes on to state that plaintiff was not chosen for a bank teller position in March 2006 in retaliation for her previous internal complaints of discrimination. (D.I. 50, A165-167)

On June 7, 2010, the EEOC determined that there was no evidence to establish a causal link between the September 2005 complaint and the non-selection of the teller position in March 2006. Plaintiff received the notice of right-to-sue letter from the EEOC on June 9, 2010, and filed the instant complaint on September 7, 2010. The complaint alleges that discriminatory acts on the basis of race and color occurred on September 14, 2005 and March 20, 2006 in connection with defendant's failure to promote plaintiff and other acts. Plaintiff's brief in support of the complaint further alleges violations of

3

the Age Discrimination in Employment Act ("ADEA") and the Americans with Disabilities Act of 1990 ("ADA"), but these claims were not included in plaintiff's charge of discrimination or referred to by the EEOC in its June 7, 2010 letter. (D.I. 2, D.I. 6, D.I. 50, A168-169)

Defendant moves for summary judgment on the grounds that plaintiff cannot establish a prima facie case of retaliation, she was given a legitimate, non-retaliatory reason for her non-selection, and there is no evidence of pretext. (D.I. 49) Plaintiff responded by asserting that the motion violates procedural rules, there "is substantial evidence in this case that a dispute of material facts exists," "there are disputes of 'material' facts requiring a trial, and that "'only' the plaintiff is entitled to judgment." (D.I. 52)

## III. STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of proving that no genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.10 (1986). "Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." *Horowitz v. Federal Kemper Life Assurance Co.*, 57 F.3d 300, 302 n.1 (3d Cir. 1995) (internal citations omitted). If the moving party has demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific

4

facts showing that there is a genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e)). The court will "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." *Pennsylvania Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995). The mere existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

With respect to summary judgment in discrimination cases, the court's role is "to determine whether, upon reviewing all the facts and inferences to be drawn therefrom in the light most favorable to the plaintiff, there exists sufficient evidence to create a genuine issue of material fact as to whether the employer intentionally discriminated against the plaintiff." *Blozis v. Mellon Trust of Delaware Nat'l Ass'n*, 494 F. Supp. 2d 258, 267 (D. Del. 2007) (quoting *Hankins v. Temple Univ.*, 829 F.2d 437, 440 (3d Cir. 1987)).

## IV. DISCUSSION

### A. Timeliness/Exhaustion

Defendant contends that the only claim plaintiff exhausted is the claim that she was not selected for the teller position in March 2006 in retaliation for prior internal

5

complaints of discrimination in September 2005. Therefore, defendant moves for summary judgment on all other claims as time-barred. Plaintiff's opposition does not address the issue. The court notes, however, that in her response to a motion to dismiss, plaintiff argued that her series of internal complaints from May 2004 through September 14, 2005 support her claim of exhaustion, and once her worksite was phased out and she was no longer with the company, there were no available administrative remedies to pursue. (D.I. 12)

At dismissal stage, this court found that, for purposes of a motion to dismiss, plaintiff had alleged sufficient facts to establish a continuing violation theory and, therefore, claims for conduct which occurred prior to October 11, 2005 were not time-barred.[3] (See D.I. 14, 15) At the summary judgment stage, defendant has produced a letter from the EEOC to plaintiff wherein the EEOC indicated that it was unable to investigate any allegations raised in the September 16, 2005 grievance because it was filed more than 300 days prior to plaintiff's initial contact with the EEOC and that plaintiff's charge was for "retaliation only." (D.I. 50, A122-160)

---

[3]Under the equitable exception of a continuing violations theory, a plaintiff may pursue a claim for discriminatory conduct that began more than three hundred days before the filing of an EEOC complaint "if [s]he can demonstrate that the act is part of an ongoing practice or pattern of discrimination of the defendant." *West v. Philadelphia Elec. Co.*, 45 F.3d 744, 754 (3d Cir. 1995) (citation omitted). The continuing violation doctrine only applies when the alleged discriminatory acts are not individually actionable, but when aggregated may make out a hostile work environment claim. *McCann v. Astrue*, 293 F. App'x 848, 850 (3d Cir. 2008) (unpublished). Discrete discriminatory acts that are actionable on their own may not be aggregated under a continuing violation theory. *See National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) ("[D]iscrete discriminatory acts are not actionable if time-barred, even when they are related to acts alleged in timely filed charges. Each discriminatory act starts a new clock for filing charges alleging that act.").

A plaintiff bringing an employment discrimination claim under Title VII must exhaust administrative remedies by complying with the procedural requirements in 42 U.S.C. § 2000e-5. "[T]he ordinary time for filing a charge of employment discrimination with the EEOC is 300 days after the alleged discrimination when the charge is filed first . . . with the appropriate state agency." *Rush v. Scott Specialty Gases, Inc.*, 113 F.3d 476, 480 (3d Cir. 1997) (citing 42 U.S.C. § 2000e-5(e)(1)); see also *Riley v. Delaware River and Bay Auth.*, 457 F. Supp. 2d 505, 510 (D. Del. 2006) ("A claimant bringing a charge of discrimination under Title VII in Delaware has 300 days from the time of the alleged discriminatory act to file a complaint with the EEOC.").

After a plaintiff files a charge against an employer with the EEOC and subsequently receives a right-to-sue letter, a plaintiff's "ensuing suit [in district court] is limited to claims that are within the scope of the initial administrative charge." *Barzanty v. Verizon Pa., Inc.*, 361 F. App'x 411, 414 (3d Cir. 2010) (unpublished) (citing *Antol v. Perry*, 82 F.3d 1291, 1296 (3d Cir. 1996)). To determine the "scope" of the charge, a court must consider the extent of the investigation that "can reasonably be expected to grow out of the [EEOC] charge[s]. *Hicks v. ABT Assoc., Inc.*, 572 F.2d 960, 966 (3d Cir. 1978) (quoting *Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 398-399 (3d Cir. 1976)); *Howze v. Jones & Laughlin Steel Corp.*, 750 F.2d 1208, 1212 (3d Cir. 1984) ("[A] district court may assume jurisdiction over additional charges if they are reasonably within the scope of the complainant's original charges."). Accordingly, a plaintiff cannot "greatly expand an investigation simply by alleging new and different facts when" later bringing claims in the district court. *Hicks*, 572 F.2d at 967.

7

The undisputed evidence of record is that the EEOC investigated only the retaliation claim. Indeed, the EEOC was quite clear in its March 16, 2007 letter that it was unable to investigate any allegations raised in the September 16, 2005 grievance because it was filed more than 300 days prior to plaintiff's initial contact with the EEOC and that plaintiff's charge was for "retaliation only." The retaliation claim is the only claim within the scope of the initial administrative charge and the only claim investigated by the EEOC. Hence, the instant lawsuit is limited to that claim.

Accordingly, the court will grant defendant's motion for summary judgment on this issue.

**B. Retaliation**

Defendant moves for summary judgment on the retaliation claim on the grounds that plaintiff has failed to establish a prima facie case of discrimination and she cannot prove that the legitimate non-retaliatory reason given for her non-selection is a pretext for retaliation. Plaintiff did not address the issue in her opposition to the motion for summary judgment.

To establish a prima facie case of retaliation under Title VII, a plaintiff must show that: (1) she engaged in conduct protected by Title VII; (2) after or contemporaneous with engaging in that conduct, her employer took an adverse action against her; (3) the adverse action was "materially adverse;" and (4) there was a causal connection between her participation in the protected activity and the adverse employment action. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68-69 (2006); *Moore v. City of Philadelphia*, 461 F.3d 331, 340-41 (3d Cir. 2006). A materially adverse employment

8

action means "it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington*, 548 U.S. at 68 (citation and internal quotation omitted). Whether an action is materially adverse "often depends on a constellation of surrounding circumstances, expectations, and relationships which are not fully captured by a simple recitation of the words used or the physical acts performed." *Id.*

With respect to the causation prong, the court considers whether a reasonable jury could link the employer's conduct to retaliatory animus. *See Moore*, 461 F.3d at 342 (citation omitted) ("the ultimate question in any retaliation case is an intent to retaliate vel non"). In assessing this, the court considers the "temporal proximity" between the plaintiff's protected activity and the employer's allegedly retaliatory response, and "the existence of a pattern of antagonism in the intervening period." *Id.* at 450 (quotations and citations omitted). "The cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be very close." *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001) (citing *Richmond v. ONEOK, Inc.*, 120 F.3d 205, 209 (10th Cir. 1997) (three month period insufficient); *Hughes v. Derwinski*, 967 F.2d 1168, 1174-75 (7th Cir. 1992) (four month period insufficient).

Plaintiff claims retaliation occurred in mid-March 2006 when she was not selected for a position as a result of her September 2005 internal complaints of discrimination. Defendant argues that, while plaintiff engaged in protected activity, she

9

cannot fulfill the fourth prong of the prima facie case to show there is a causal link between the protected activity and defendant's subsequent actions.

The court finds that the six-month proximity between plaintiff's September 2005 complaints to defendant and her non-selection in mid-March 2006, without more, are insufficient to establish a prima facie case of retaliation. In addition, there is no evidence of record to indicate that Godwin, the individual who made the hiring decision, had involvement in plaintiff's earlier complaints. Nor is there evidence that Godwin was aware of plaintiff's prior complaints. While plaintiff was told by her managers during her job search that she would not be hired because the system was "rigged" or "fixed," the comments were not made in connection with any discriminatory or retaliatory animus. Notably, the record reflects that plaintiff applied for the position at the Greenville Gold Exchange, was contacted, and interviewed for the position. For the above reasons, the court finds that the evidence of record fails to demonstrate the existence of causation and, therefore, plaintiff cannot make a prima facie showing of retaliation as a matter of law.

Assuming arguendo that plaintiff had established a prima facie case of retaliation, defendant has proffered a legitimate, non-retaliatory reason for her non-selection. As testified to by plaintiff, unlike the successful candidate, during the interview plaintiff was unable to recall defendant's principles or mission statement. Defendant's proffered reason for its failure to hire plaintiff is not weak, incoherent, implausible, or so inconsistent that a reasonable factfinder could rationally find it unworthy of credence. See *Sarullo v. United States Postal Service*, 352 F.3d 789, 800 (3d Cir. 2003). In

addition, plaintiff testified that she has no reason to believe that the reason given for her non-selection was untrue, she merely found it suspicious.

The court finds that no reasonable jury could find for plaintiff on the retaliation issue. Therefore, the court will grant defendant's motion for summary judgment on the retaliation issue.[4]

## V. CONCLUSION

For the above reasons, the court will deny as moot defendant's motion to compel and will grant defendant's motion for summary judgment.

An appropriate order will issue.

---

[4]The court further finds that the evidence of record does not support a finding for plaintiff, and no reasonable jury could find in favor of plaintiff, to the extent she alleges the non-selection in March 2006 was discriminatory (not retaliatory) based upon her race, color, or under the ADEA or ADA.

11